## Quality Food Club, Inc., v. Aleshire

*Anthony A. Mandio,* for plaintiff.

*John S. Neal, Jr.,* for defendants.

SATTERTHWAITE, J., January 20, 1956.—The within record discloses no merit in defendants' application to open the judgment entered against them in the above captioned matter, and ordinarily we would dispose thereof by a short order without opinion. However, the record does disclose a procedural problem which is arising in this court with increasing frequency and which should be called to the attention of litigants and members of the bar.

The judgment in question was regularly entered on August 17, 1954, by the prothonotary, pursuant to a warrant of attorney contained in a conventional judgment note duly executed by defendants in the amount of $687.86. On September 10, 1954, execution having been issued thereon, defendants by petition obtained a rule on plaintiff to show cause why the judgment should not be opened and defendants let into a defense. Such rule was accompanied by a stay order, defendants having posted security for due prosecution of their alleged defenses. On September 24, 1954, plaintiff filed an answer to the petition to open judgment, factually and legally denying the merits of the several defenses alleged therein. Thereafter, so far as the docket shows, nothing further occurred until May 27, 1955, when plaintiff's attorney obtained a rule requiring defendants to show cause why their rule to open the judgment should not be dismissed and discharged for lack of prosecution. The last-mentioned rule was apparently abandoned by plaintiff as improper from a procedural point of view (see Barclay v. Young, 61 D. & C. 29), and on July 13, 1955, on praecipe of plaintiff, the prothonotary entered a rule as of course on defendants to proceed under Pa. R. C. P. 209. No answer having been filed thereto, the

rule was made absolute by this court as of August 12, 1955. On November 12, 1955, no depositions having been filed, plaintiff ordered the case on the regular argument list. After a continuance at the December list, the matter was finally submitted to the court at argument on January 17, 1956.

Under the circumstances, the merits of the application to open the judgment must be disposed of on the assumption that " . . . all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule": Pa. R. C. P. 209; Kogen v. Horowitz, 169 Pa. Superior Ct. 349. We hold that this conclusion follows notwithstanding that, as stated by counsel at argument, depositions on defendants' behalf were in fact taken stenographically in October of 1954, but have never been transcribed and filed or made a part of the record, apparently because defendants have failed to pay the cost thereof. Their duty to do so would seem beyond question. Observations in the authors' commentary to Pa. R. C. P. 4017(b) in Goodrich-Amram Procedural Rules Service, section 4017(b)-1, on payment for depositions generally, are equally applicable here:

"Obviously, the cost of making the stenographic transcript cannot be placed on the officer who takes the deposition, nor can the stenographer be compelled to take it without charge. Equally obviously, the adverse party, against whom the deposition is requested, cannot be compelled to pay the cost of it in advance. By process of elimination, this imposes on the proponent the cost of the transcribing of the testimony. This is where the burden properly should lie. He is the one that sought to take the testimony; he is the one who requested the stipulation, gave the notice, or filed the petition with the court, as the case may be. He is the one who sought the benefit of the procedure

under these Rules. He must take the burden with the benefit. He must pay the entire expense of making the permanent record of the testimony that he himself has sought, even though the cost may not be recoverable by him, in the event of success in the action, as part of the taxable costs."

Since the transcribed depositions have not been made a part of the record, we conclude that the benefits of Pa. R. C. P. 209 are available to plaintiff. Although the literal language of that rule only requires the moving party (defendants in this case) to "take" depositions, it would be absurd to hold that the salutary purpose of the rule could be thwarted merely by an extrajudicial appearance and submission to oral examination under oath where the transcript thereof, through the default of the party requesting it, is never submitted to be made a part of the records of the court wherein the proceedings are pending. The very occasion for Pa. R. C. P. 209 was to provide relief for a litigant situated as is plaintiff in the instant case. He is thereby enabled to compel action by an original petitioner, who may be inclined to be dilatory behind the protection of a stay order, without thereby admitting the factual averments of the petition. Such design could not be carried into effect if petitioner may obviate such relief by resting passively on the fact that he literally has "taken" depositions where the failure to cause them to be filed arises through his fault.

We are aware of the decision by the court of common pleas of Cumberland County in McCune v. Cramer, 40 D. & C. 623, where the sanction of Pa. R. C. P. 209 was held inapplicable to a proceeding in which petitioner's depositions, although taken and transcribed, were not formally filed before argument because of a misunderstanding between counsel as to who should file them. In that case, justice properly required that

leave be granted to perfect the record because of the mistake. Such considerations, of course, are not present in the instant case; no pretense is even suggested that the depositions will be paid for and filed even at this late date. We, therefore, cannot subscribe to the broad language used at page 626 of the cited opinion in reference to Pa. R. C. P. 209 and the possible distinction therein referred to between "taking" and "filing" of depositions.

On several recent occasions, matters similar to the within proceedings have come before this court without the depositions involved having been filed, with indications of some lack of complete understanding of the considerations involved. We hope that the observations herein made will clarify the atmosphere and possibly avoid embarrassment to members of the bar who in good faith undertake such proceedings probably without realizing the effect of failure to follow through with depositions and without making provision for the costs and expenses thereof in the original preparation of the case.

No useful purpose would be served by a discussion of the factually complicated merits of the within proceedings. With the averments of plaintiff's answer taken as admitted, even defendants' attorney conceded at argument that there was nothing in the case which would move the court to exercise its discretion to open the judgment in the interests of justice: U. S. Home Improvement Co. v. Vanderbilt, 1 Bucks 277, 279, and cases cited.

And now, January 20, 1956, defendants' petition to open the judgment and let defendants into a defense in the above captioned matter is hereby denied and refused, the rule granted thereon discharged, and the stay of proceedings accompanying the same vacated.