Kogen *v.* Horowitz, Appellant.

Argued March 30, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Robert H. Malis,* with him *David S. Malis, Walter G. Horowitz,* and *Malis, Malis, & Malis,* for appellant.

*Paul Weinblatt,* with him *Harry A. Takiff,* for appellee.

OPINION BY RENO, J., July 19, 1951:

Plaintiff's complaint in assumpsit was filed on January 21, 1949. Upon it a notice to answer within 20 days was endorsed. It was served on defendant on January 28, 1949. After numerous oral and six written requests to defendant's counsel to file an answer, plaintiff took judgment for want of an answer on September 21, 1949, almost eight months after the complaint had been served. Defendant had notice of the default judgment the day following its entry. Almost four months later, on January 11, 1950, defendant petitioned the court below to open the judgment, averring that on September 19, 1949, plaintiff's counsel verbally agreed to extend the time for filing the answer for another week. Plaintiff filed an answer denying the averment. Defendant took no depositions, and two months later plaintiff ruled defendant to proceed with his petition, which defendant also failed to do. Accordingly,

after argument, the court below, holding that "all averments of facts responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule", (Pa. R. C. P. No. 209), discharged the rule to show cause why the judgment should not be opened. Only after plaintiff issued execution did defendant appeal to this Court.[1]

Defendant engaged in dilatory tactics throughout the proceeding. He failed to file an answer within the prescribed time; he refused to comply with plaintiff's repeated requests to file an answer; without any explanation of the cause for his procrastination, he delayed filing his petition to open the judgment for four months after he had notice of its entry; and, after securing a rule to open, failed to "Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact" within fifteen days after service of plaintiff's answer to the rule. Pa. R. C. P. No. 209. He did nothing pursuant to his rule to open until plaintiff brought the matter to a head by his rule to proceed.

A petition to open a judgment is an appeal for the exercise of the equitable powers of the court. *Quaker City C. & C. Co. v. Warnock*, 347 Pa. 186, 32 A. 2d 5. The doctrine of laches is applicable to such petitions. *Horn v. Witherspoon*, 327 Pa. 295, 192 A. 654. Vigilantibus non dormientibus aequitas subvenit. In at least two cases, petitions to open judgments, of which defendants had timely notice, presented four months after the entry of the judgments, failed to move the conscience of chancellors: *Planters N. & C. Co. v.*

---

[1] Defendant filed an appeal bond but did not secure the supersedeas order required by the Act of May 19, 1897, P. L. 67, §12, as amended, 12 P.S. §1149. See *Geiger v. U. S. Fid. & Guar. Co.*, 121 Pa. Superior Ct. 554, 184 A. 464; *Shinn v. Stemler*, 159 Pa. Superior Ct. 129, 47 A. 2d 294. But the indulgent plaintiff took no advantage of this omission.

*Brown-Murray Co., Inc.,* 128 Pa. Superior Ct. 239, 193 A. 381; *Leibowitz v. Walker,* 48 Pa. Superior Ct. 416. The application is addressed to the sound discretion of the court of first instance which will be reversed only upon demonstrated and clear abuse of discretion, and it is not required to open a judgment merely because defendant offers a contention which, if true, would constitute a defense. *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691. Each case is singular as to the lapse of time and the circumstances that preclude equitable relief. *Youse v. McCarthy,* 51 Pa. Superior Ct. 306. Upon consideration of the circumstances herein recited and for the reasons stated the court below refused relief, and we have not been persuaded that it abused its discretion.

Order affirmed.