D'Amore, Appellant, *v.* Erthal.

Argued April 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Laurence DiStefano*, with him *Raymond J. Quaglia*, and *DiStefano & Williams*, for appellants.

*Reeder R. Fox*, with him *James J. McCabe, Jr.*, and *Duane, Morris & Heckscher*, for appellee.

OPINION BY MR. JUSTICE EAGEN, May 24, 1966:

This is an appeal from an order below opening a default judgment entered in an action of trespass.

The action was instituted on May 25, 1965, and the complaint was served upon the defendant the same day. The claim arose out of an automobile accident which occurred on March 21, 1964.

On September 23, 1965, judgment was entered against the defendant for failure to enter an appearance. On September 26, 1965, a petition to open the judgment was filed which was timely answered. On December 10, 1965, the court ordered the judgment opened.

An examination of the record discloses that the factual averments set forth in the petition, if true, were sufficient to cause the trial court, in the exercise of a sound discretion, to enter an order directing that the judgment be opened. See, *Smith v. Dale*, 405 Pa. 293, 175 A. 2d 78 (1961), and *Scott v. McEwing*, 337 Pa. 273, 10 A. 2d 436 (1940). And, on appeal, we would not interfere with the lower court's action unless it clearly appeared that it was an abuse of discretion. See, *Walters v. Harleysville M. Cas. Co.*, 417 Pa. 438, 207 A. 2d 852 (1965).

The difficulty with the instant case is that certain facts set forth in the petition, which were necessary to warrant the opening of the judgment, have not been established. These facts were denied in the answer. This put the burden of proof upon the moving party, i.e., the party asking the judgment to be opened. See, Pa. R. C. P. 209. Without taking depositions to establish the truth of the disputed factual issues, counsel for the defendant ordered the case listed for argument. Then, without the taking of testimony and after argument on the petition and answer only, the court entered the order appealed from. Hence, it clearly appears that the court either took for granted the truth

of the vital facts which were in dispute, or considered discussion at argument which was dehors the record. In this, the court erred. See, *Kine v. Forman,* 404 Pa. 301, 172 A. 2d 164 (1961).

However, rather than reverse the order below and cause a possible miscarriage of justice, we will remand the record to give the defendant an opportunity to establish, if he can, the justice of his prayer.

Order vacated and record remanded for further proceedings consonant with this opinion.