Johnson, Appellant, *v.* Leffring.

Argued September 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Jay Meyers,* for appellant.

*Charles Jay Bogdanoff,* with him *Albert C. Gekoski,* for appellee.

OPINION BY MONTGOMERY, J., November 16, 1967:

On July 6, 1964 the appellant Jethro Johnson caused a judgment to be entered in his favor against the appellees, then husband and wife, in default of an

appearance in an action of trespass for damages due to injuries sustained by appellant from falling on the sidewalk of property owned by the appellees as tenants by the entirety. Subsequently, in 1966 the appellees petitioned to open that judgment but it was denied. We affirmed by a per curiam order filed October 19, 1966. See 208 Pa. Superior Ct. 768, 223 A. 2d 126.

Thereafter, early in 1967 counsel for the appellees petitioned the lower court for permission to withdraw their appearance for Kathryn Leffring for the reason that she was then divorced from Arthur Leffring, which situation might create a conflict of interests. A hearing on that petition was held before Hon. FRANK J. MONTEMURO, Judge, on February 14, 1967 at which Mrs. Leffring appeared and testified that she had been a patient in Norristown State Hospital, a mental hospital, at the time the judgment was entered, and also that her husband had secured the divorce when she was confined there. Upon receiving this testimony, and without completing the hearing he was then conducting, Judge MONTEMURO ordered that the hospital records be secured and submitted to him, which was done in the form of a letter dated February 20, 1967, written by Dr. Arthur D. Boxer, presumably associated with the Norristown State Hospital. The letter was addressed to Judge MONTEMURO and read:

"Re: Mrs. Kathryn Leffring, G 11,940

Dear Judge Montemuro:

The above named patient was hospitalized at Norristown State Hospital from July 17, 1964, until November 12, 1966. Her diagnosis was Involutional Psychotic Reaction with depressed and paranoid features; however, with medication the patient enjoyed a complete remission from her illness.

At the time that divorce was pending from her husband, a conference was held to determine her competency with regard to the ability to enter into a relationship with a lawyer to handle her husband's divorce proceedings against her. On November 22, 1965, she was judged competent to enter into divorce proceedings and secondly, she was judged competent to enter into a contractual relationship with an attorney.

I hope this information will be helpful to you."

Judge MONTEMURO ordered it made part of the record and thereupon, without further hearing or argument, "on our own motion", entered an order striking off the judgment entered against Mrs. Leffring. The appeal from that order is now before us.

Judge MONTEMURO, in his opinion, assigns as the reasons for his action (1) that since service of process was made on Mr. Leffring alone, and he subsequently received a divorce, that he had no desire to protect the interests of Mrs. Leffring, and (2) that since she entered the hospital only eleven days after the judgment was entered "The nature of the diagnosis makes it reasonably certain that she was of unsound mind at the time the default judgment was entered."

The action taken by the learned judge of the lower court was clearly erroneous. Insofar as the competence of Mrs. Leffring is concerned, he should not have concerned himself with it at the time of the hearing on the petition of counsel to withdraw his appearance. Mrs. Leffring was competent at that time. Dr. Boxer certified that she was competent as of November 22, 1965. Nor can his order be supported by his first reason. There is no evidence as to what interest Mr. Leffring had in his wife prior to the time the judgment by default was entered. The sufficiency of service of process was not before Judge MONTEMURO and is not before us.

Without engaging in a discussion as to the effect of our affirmance of the refusal of the previous petition to open this judgment, or the time from which a declaration of incompetency runs, we reverse the order of the lower court on procedural grounds. Although proceedings to set aside default judgments are equitable in nature and largely within the discretion of the court in which they are entered, certain procedures and rules must be followed. The practice of petition and answer is well established, *Vallish v. Rapoport,* 364 Pa. 25, 70 A. 2d 616 (1950) ; *Rose v. Cohen,* 193 Pa. Superior Ct. 454, 165 A. 2d 264 (1960), and the issue raised by such pleadings must be determined at a hearing thereon at which the burden rests upon the one seeking to open the default judgment to prove due diligence, proper grounds for opening the judgment, and generally the existence of a meritorious defense, all of which must be founded on sufficient consistent evidence, *D'Amore v. Erthal,* 421 Pa. 417, 219 A. 2d 674 (1966), in which case it is stated that it is error to take for granted the truth of vital facts which were in dispute.

Order reversed and judgment reinstated without prejudice.