Pappavasilion, Appellant, *v.* Family Motor Sales, Inc.

Argued April 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Lester E. Zittrain,* with him *Crone and Cohen,* for appellant.

*Aaron Rosenzweig,* with him *Rosenzweig & Rosenzweig,* for appellee.

OPINION BY WATKINS, J., September 18, 1970:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County opening a default judgment in favor of the appellant, Vagios Pappavasilion, a/k/a Vio P. Pappavisillion, and against the appellee, Family Motor Sales, Inc.

An action in assumpsit was brought by the plaintiff-appellant against the appellee-defendant for the recovery of the consideration paid to the automobile dealer on the purchase price of a used car. It is alleged that at the time of the sale, the appellant was a minor and subsequently disaffirmed the agreement after reaching his majority, returned the used car and demanded the return of the consideration. Upon refusal of the appellee to return the consideration, the assumpsit action followed.

The action was started on July 1, 1969. Service was made on the appellee on July 8, 1969. No appearance or answer was filed and on July 29, 1969, a default judgment was entered. On August 1, 1969, an answer was filed by the appellee. The dealer's attorney had returned to his office after a short absence.

On September 5, 1969, a Petition to Open Judgment was filed and answered on September 8, 1969. Depositions were filed November 19, 1969 and the order opening the judgment entered the same day.

The depositions in question consisted of testimony by counsel for the appellee as to the reason for default. And although counsel summarized the defense, the defendant did not appear to testify. The court then entered the order appealed from apparently taking for granted the truth of the vital facts which were in dispute, namely fraud based on an alleged misrepresentation by the appellant of his age at the time of the purchase of the car. This was error. *Johnson v. Leffring,* 211 Pa. Superior Ct. 84, 235 A. 2d 435 (1967) ; *Kine v. Forman,* 404 Pa. 301, 172 A. 2d 164 (1961).

The appellant recognizes the equitable nature of the proceedings and the discretion of the court in such matters; however, he claims error on the part of the lower court in that the depositions as taken did not conform with the requirements of Rule 209 of the Pennsylvania Rules of Civil Procedure.

The court below in its opinion indicates it opened the judgment to prevent injustice and an unfair penalizing of the defendant. Therefore, as was done by the Supreme Court in *D'Amore v. Erthal,* 421 Pa. 417, 219 A. 2d 674 (1966), we will not reverse the order below, but remand the record to give the defendant an opportunity to establish, if he can, the justice of his prayer.

Order vacated and record remanded for further proceedings consonant with this opinion.