374 A.2d 1376

INSTAPAK CORPORATION, Appellant,

v.

S. WEISBROD LAMP & SHADE CO., INC., Appellee.

Superior Court of Pennsylvania.

Argued March 17, 1976.

Decided June 29, 1977.

Arthur L. Pressman, Philadelphia, for appellant.

Marc R. Gordon, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order opening a default judgment. We have concluded that in opening the judgment the lower court abused its discretion. Accordingly, we reverse and remand for further proceedings.

On May 23, 1975, appellant commenced the action by filing a complaint in assumpsit. On July 9, the complaint was reinstated. A Sheriff's return of service indicates that a copy of the complaint was served on appellee on July 10. Subsequent returns indicate that appellee was also served on July 17, and July 21. On July 31 appellant took a default judgment. On August 4 appellee served on appellant a copy of a Petition to Open the Default Judgment along with a notice to respond. On August 14 both appellee's petition to open and appellant's answer to the petition were filed.[1] On September 3, without benefit of argument or further proceedings, the lower court ordered the judgment opened.

Before granting the petition to open the judgment, the lower court was obliged to make three findings: (1) the petition was filed promptly after the judgment; (2) the

_____

1. The docket entries erroneously indicate that both were filed on September 8, 1975.

petition discloses a meritorious defense;[2] and (3) there was a reasonable excuse for the failure to have filed an answer within the prescribed time. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970). Here there is no dispute that the petition was filed promptly, and that it discloses a meritorious defense (in fact, a counterclaim to the underlying action was alleged in the proposed answer to the complaint attached to the petition). The issue is whether the lower court could find that there was a reasonable excuse for appellee's failure to have filed an answer to appellant's complaint within the prescribed time.

■ The petition to open, when read in a light favorable to appellee, alleges that appellee was served with the complaint a total of three times; that at the time of the first service appellee's business was closed for vacation;[3] that confusion resulted from the multiple service; and that through its counsel appellee believed that it had twenty days from July 17[4] (the date of the second service) to file an answer, rather than twenty days from July 10. If appellee had proved these allegations, and if the lower court had found on the basis of them that appellee had a reasonable excuse for having failed to file an answer within twenty days of July 10, we should not reverse, for the decision to grant a petition to open a judgment is within the sound discretion of the lower court and will not be reversed absent a mistake of law or abuse of discretion. *Johnson v. Yellow Cab Co. of Philadelphia*, 226 Pa.Super. 270, 307 A.2d 423 (1973); *Samuel Jacobs Distributors, Inc. v. Conditioned Air., Inc.*, 223 Pa.Super. 466, 301 A.2d 907 (1973); *Moyer v.*

**2.** This finding is not necessary, although it may be relevant, if the action underlying the default judgment is in trespass rather than in assumpsit. *Balk v. Ford Motor Co.*, 446 Pa. 137, 140 n. 3, 285 A.2d 128, 130 n. 3 (1971); *Jost v. Phoenixville Area School District*, 237 Pa.Super. 153, 346 A.2d 333 (1975).

**3.** The petition states that the docket entry of the first service shows a return on July 9, 1975. Actually, that return was on July 10.

**4.** Pa.R.C.P 1026, 42 Pa.C.S.A.

*Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (filed Dec. 15, 1976). *Cf. Lewis v. Reid*, 244 Pa.Super. 76, 366 A.2d 923 (1976). The difficulty is, however, that appellee did not prove its allegations.

As.has been mentioned, appellant filed an answer to the petition to open. In the answer appellant denied that appellee's counsel had had any mistaken belief about the date by which an answer had to be filed. According to the answer the following occurred. On July 16 appellee's counsel telephoned the office of appellant's counsel to request an extension of time in which to respond to the complaint. Appellant's counsel was out of town but the call was taken by a partner of appellant's counsel. The partner relayed the request for an extension to appellant's counsel, who denied it. These allegations were supported in appellant's answer by (1) a copy of a letter from appellant's counsel's partner to appellee's counsel, dated July 17, which purported to confirm the results of the alleged telephone conversations, and (2) an affidavit of the partner.

Appellant's allegations thus tend to show that appellee's counsel did not have any mistaken belief about the date by which an answer had to be filed. If appellee's counsel initiated negotiations on July 16, regarding an extension of time, that fact would be inconsistent with the position taken by appellee in its petition to open, that it was not aware of service until July 17.

■ Therefore, at the time the lower court granted the petition to open the judgment it had before it pleadings that raised a material issue of fact—was appellee aware of the July 10, service and its consequent duty to respond within twenty days of that date? We are not informed by the lower court whether it accepted appellant's or appellee's version of the facts on that issue.[5] The important point,

5. Rather, the lower court appears to accept as an excuse for appellee's failure to answer the fact that appellant's counsel first refused the request for an extension of time—"a request commonly granted counsel as a matter of courtesy within the experience of this court" —and then on the twenty-first day after service, "snapped" a judg-

however, is that the lower court was not in a position to accept one version in preference to the other.

■ Pa.R.C.P. 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days: (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

Thus the burden is on the petitioner to support his allegations of fact by depositions. *Retzback v. Berman Co.*, 222 Pa.Super. 523, 294 A.2d 917 (1972). If after being ruled to proceed, the petitioner does not take depositions, the factual allegations of his opponent will be taken as true. *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961); *Rose v. Cohen*, 193 Pa.Super. 454, 165 A.2d 264 (1960); *Kogen v. Horowitz*, 169 Pa.Super. 349, 82 A.2d 530 (1951).

■ Here, appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument

ment. Opinion at 2. Granted, "snap" judgments are not favored in the law. *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974) *allocatur denied.* However, it does not follow that a lack of "courtesy" alone is a sufficient reason for opening a judgment, especially if, as appellant alleges here, counsel tells opposing counsel that he is not authorized to grant any extension of time.

on petition and answer.[6] Instead, with only the petition and the answer, the lower court granted the petition. That decision was premature. The dispositive issue is whether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to be filed, and on that issue the court had before it no evidence,[7] only contradictory pleadings. Such being the case, the court had no proper basis for preferring one party's version to the other party's. *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974). We are therefore constrained to remand to the lower court for further proceedings consistent with Rule 209. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966); *White v. Alston, supra.*

This is not a case where by application of Rule 209 we are able to assume the correctness of appellant's allegations of fact. Here, because the lower court injected itself into the proceedings, the procedures envisioned by the rule were not played out. True, appellee neither proceeded to take depositions nor did it order the cause for argument on petition and answer; however, appellant had not yet ruled appellee to show cause why it should not take one of these courses of action.[8]

**6.** In the praecipe accompanying the petition to open, appellee stated that oral argument was not desired; in the praecipe accompanying the answer, appellant stated that oral argument was desired.

**7.** The closest thing, in the record, to evidence on this issue were the exhibits attached to appellant's answer to the petition to open, which, as discussed, tended to show that appellee's counsel was not mistaken.

**8.** The court's action might be regarded as consistent with an apparent practice in Philadelphia County of automatically listing a matter for decision on petition and answer. On February 7, 1973, the following "Notice to the Bar" appeared on the first page of the Legal Intelligencer:

On all Petitions on the Motion List to which answers are filed raising a factual issue, the moving party must inform the Clerk of the Motion Court in Room 395 City Hall within 15 days after receipt of any such answers as to the date depositions are to be taken, pursuant to Pa.R.C.P.No.209.

given [*sic*], the matter will be disposed of on Petition and Answer thereto.

The order of the lower court is reversed and the matter remanded for further proceedings consistent with this opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, J., files a concurring opinion.

PRICE, Judge, concurring:

Although I concur in the reversal and remand for further proceedings, I cannot agree with the majority's conclusion that the lower court abused its discretion in opening the judgment. It seems to me that such a conclusion pre-judges the ultimate conclusion and eliminates the necessity and purpose of the remand for further proceedings. I do agree

NED L. HIRSH
Motion Court Judge

Admittedly, presumably because of a printer's error, this statement of Philadelphia practice is not altogether clear. Clarification is available in *Fed. Nat'l Mortgage Ass'n v. McDermott*, 58 D. & C.2d 241, 242 (Philadelphia County 1972), where Judge HIRSH stated:

> [A]fter the filing of the answer by plaintiff, it became incumbent upon defendant at that point to file a rule for the purpose of taking depositions to avoid the consequences of rule 209 to the effect that ". . . all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted . . ." for the purpose of the argument.

This is not a correct reading of Rule 209. Under the rule, it is true, the factual averments of a responsive answer may be taken as true against a petitioner, but that is to happen only upon the occurrence of one of two contingencies: either the petitioner himself ordering "the cause for argument on petition and answer," or respondent ordering the cause down after petitioner has ignored, for fifteen days, a rule absolute made upon him to move for depositions. There is no provision in the rule for shortcutting its operation by ignoring these contingencies.

It may be true that by promulgation of a local rule a procedure other than that of Rule 209 could be adopted. *See* Goodrich-Amram 2d § 209:2.2, and the Note (rescinded April 18, 1975) of the Procedural Rules Committee to Rule 209; Montgomery County Rule 209*(c). Such a procedure might even provide for automatic listing of motions on petition and answer. However, we need not decide what might be done by local rule, for no local rule has been promulgated in Philadelphia that might be construed to supersede Rule 209. *Cf.* Phila. C.P. & Munic. Ct. R. 140(B)(1). (Judge HIRSH's "Notice" cannot be regarded as a rule.) That being the case, it would appear that Rule 209 must control.

that the order complained of was premature and that in further proceedings the mandate of Pa.R.C.P. 209 must be fulfilled.

It may well be that upon remand and development of the record the lower court will be ultimately correct in concluding that there was a reasonable excuse for the failure to have filed an answer within the prescribed time. This possibility is bolstered by the obviously correct observation of the lower court that this was, indeed, a "snap" judgment which is not favored by the law. A "snap" judgment could well be a significant factor in the exercise of discretion necessary to a proper adjudication of the question here presented.

HOFFMAN, J., did not participate in the consideration of this case.