378 A.2d 1287

**Warren ZINCK, Appellant,**

v.

**SMASHY'S AUTO SALVAGE, INC. and City of Philadelphia.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

554

Ernest E. Jones, Philadelphia, for appellant.

William J. Honig, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order granting a petition to open a default judgment.

On October 15, 1975, appellant filed a complaint in assumpsit to recover the value of an automobile that he alleged had been misappropriated by appellee, Smashy's Auto Salvage, Inc., and by the City of Philadelphia. The

complaint was served on appellee on October 21, and on the City on October 22. The City entered an appearance on November 5; appellee did not enter an appearance, nor did it file an answer within twenty days of service. On November 19 appellant's counsel wrote to appellee, stating that appellee had a legal duty to answer the complaint and that if no answer was filed appellant would take a default judgment against appellee. On November 21 counsel conveyed the same message to an employee of appellee by telephone, and set December 1 as the date by which he would look for an answer. Appellee still did not file an answer. On December 3 appellant took default judgment. Appellee filed the petition to open the judgment on January 22, 1976.

It is commonly said that a petition to open a judgment is an appeal to the equity powers of the court and is a matter largely within its discretion. *See, e. g., Walters v. Harleysville Mutual Casualty Co.,* 417 Pa. 438, 207 A.2d 852 (1965). However, before the lower court may exercise its discretion, the petitioner must establish (1) that the petition to open was promptly filed, (2) that a legitimate explanation exists for the default, and (3) that he has a meritorious defense. *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970). Appellant does not argue that the first of these requirements was not met; the issue is whether the second one was.[1]

In its petition appellee averred that it had filed no answer to the complaint because it "believed that [its] interests would be protected by the City of Philadelphia in the . . . suit." In an accompanying memorandum of law counsel for appellee stated that appellee "reasonably expected, and in good conscience believed, after consultations, that the City

---

1. The lower court correctly decided that appellee had pleaded a meritorious defense. Appellant based his complaint on appellee's duty to give notice under § 1221.1–.6 of The Vehicle Code, Act of April 29, 1959, P.L. 58, § 1221.1–.6, added July 31, 1968, P.L. 871, No. 263, § 7, as amended Jan. 15, 1970, P.L. (1969) 519, §§ 3–5, 75 P.S. § 1221.1–.6. This duty would arise only if appellee is a salvor; in its petition appellee asserted that it is not a salvor.

of Philadelphia would in fact represent [its] interests." The lower court found these averments alone insufficient, but relied on an additional factor:

In this case Smashy's Auto Salvage, Inc. was under a contracted obligation with the City of Philadelphia to purchase junk automobiles. The existence of the contract in conjunction with the assertion by the City of Philadelphia that it would represent the Defendant's interests, amounts to a reasonable excuse for the failure of the defendant to respond to the Plaintiff's complaint.

Lower Court Opinion at 3.

■ We may assume, without deciding, that if appellee's averments of fact were true, they would have constituted a legitimate explanation for appellee's failure to answer. *See Sprouse v. Kline-Styer-McCann, Post No. 7155 Veterans of Foreign Wars*, 237 Pa.Super. 419, 352 A.2d 134 (1975); *but cf. Retzbach v. Berman Leasing Co.*, 222 Pa.Super. 523, 527–28, 294 A.2d 917, 919 (1972) (Concurring Opinion by Hoffman, J.). Even so, the lower court erred. When a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and sufficient proof. *Johnson v. Leffring*, 211 Pa.Super. 84, 87, 235 A.2d 435, 436 (1967); *Brown & Bigelow v. Borish*, 165 Pa.Super. 308, 311, 67 A.2d 823, 825 (1949). The procedure for providing such proof is dictated by Pa.R.C.P. 209; it was not followed here.

■ In his answer to the petition to open, and in an accompanying memorandum of law, appellant vigorously disputed that appellee had offered a legitimate explanation for its default. In particular, appellant argued that his attorney's letter to appellee on November 19 and telephone conversation with one of appellee's employees on November 21 put appellee on notice that in fact its interests were not being protected by the City. Thus was framed an issue that should have been resolved by the tools provided by Rule 209. Instead, without awaiting any action either by appellee (*i.e.,* to take depositions, or to order the cause for disposition on petition and answer) or by appellant (*i.e.,* to take a rule on

appellee to show cause why he should not so proceed), the lower court decided the petition on the petition and answer alone. This was premature. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966); *Instapak Corp. v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977); *Maurice Goldstein Co., Inc. v. Ralph Margolin, t/a Margo Realty*, 248 Pa.Super. 162, 374 A.2d 1369 (1977). Apparently the lower court took for granted the truth of the averments in appellee's petition, ignoring appellant's answer. In addition, the contract between appellee and the City was not made part of the record, and the broadest inference that we can draw from the lower court's description of the contract is that the court knew only of its existence. Since argument was not had on the petition and answer, the court could not have known the contract's terms. The court's reliance on the contract was therefore improper.

Order reversed, and case remanded for further proceedings under Pa.R.C.P. 209.