403 A.2d 577

**John SHAINLINE t/d/b/a Shainline Excavating**

v.

**ALBERTI BUILDERS, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1979.

Decided May 4, 1979.

130

Larry David Yogel, Philadelphia, for appellant.

George Zumbano, Paoli, for appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from an Order of the Court of Common Pleas of Chester County denying a petition to open a default judgment. For the reasons which follow, we reverse and remand for further proceedings.

On November 17, 1977, appellee Shainline Excavating filed its complaint in assumpsit seeking payment from appellant for services rendered at a construction site in Chester County, Pennsylvania. Service was made on November 23, 1977 on appellant Alberti Builders, Inc., at its business offices in Bala Cynwyd, Pennsylvania. Appellant's president, Francis Alberti, phoned counsel for Shainline and informed him he had been served and wished to defend the suit. Alberti, on November 25, 1977, mailed the complaint to its counsel in Philadelphia, who apparently did not receive the complaint until December 19, six days after an answer was due. On that same day, no appearance entered or answer filed, appellee Shainline took judgment by default. The petition to open was filed four days later on December 23, and an answer soon followed in which appellee denied the factual averments in appellant's petition. Supplemental memorandae were later presented to the court. Counsel were informed that the court would dispose of the matter on petition, answer, and briefs and on April 6, 1978, the court denied the petition. This appeal followed.

Our task on review is well settled. A petition to open a default judgment in assumpsit is an appeal to the equitable power of the court and is to be exercised only when three factors coalesce: 1) the petition has been

promptly filed; 2) a meritorious defense can be shown; 3) there is a reasonable excuse for failure to file an answer. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *St. Joe Paper Company v. Marc Box Company, Inc.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978). This court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Epstein v. Continental Bank & Trust Company*, 260 Pa.Super. 522, 394 A.2d 1049 (1978); *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976).

Appellee concedes that appellant acted promptly (four days) in filing the petition to open, but contends that no meritorious defense is shown and that the default has not been reasonably explained.

In its petition to open, appellant alleged merely that it would "raise the defense of substantial failure of consideration." However, in its supplemental memorandum,[1] appellant avers:

"The [second] criteria which must be made is that the party seeking to open judgment must have a meritorious defense. As stated in the Petition, Defendant would assert that there has been a substantial failure of consideration on the part of services allegedly rendered by

---

1. Appellee, as did the court below, has confined its arguments to the contents of the petition and suggests it is improper to go outside the petition to determine if a meritorious defense exists. This court has made it clear on prior occasions that, in addition to the petition to open, it is proper to also consider depositions, *Ecumenical Enterprises, Inc. v. NADCO Construction Company*, 253 Pa.Super. 386, fn. 4, 385 A.2d 392, fn. 4 (1978); *Kilgallen v. Kutna*, 226 Pa.Super. 323, 310 A.2d 396 (1973), additional testimony, *B.C.Y. Inc., Equipment Leasing v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978), as well as supplemental memorandae, *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974) in assessing a meritorious defense.

We note also that the supplemental briefs are not included in the official Chester County record before us. Rather, appellant has included these documents in its reproduced record. Appellee does not dispute that these memorandae were in fact before the lower court when it rendered its decision.

Plaintiff, that standing alone would not of necessity dictated an opening of the judgment. It is also Defendant's contention that indeed there was an informal accord and satisfaction as to operation of the rentals in issue. Further, the sole exhibit to the Complaint is an exhibit from Defendant's books and records. The Complaint In Assunpsit, [sic] would of necessity demand an inclusion of a written contract. Assuming Plaintiff is unable to produce such a contract, Defendant would then interpose the defense of Statute of Frauds. And lastly, Defendant would seek to raise certain admissions expressed during the course of the work material to the outcome of the case."

 It is fundamental that a petitioner must "not only allege a meritorious defense, but such defenses must be set forth in precise, specific, clear, and unmistaken terms." *Young v. Mathews*, 383 Pa. 464, 119 A.2d 239 (1956); *Hofer v. Loyal Order of Moose of World*, 243 Pa.Super. 342, 365 A.2d 1254 (1976); *Ab v. Continental Imports*, 220 Pa.Super. 5, 281 A.2d 646 (1971). It is equally settled that, while we do not wish to understate the necessity of setting forth specific facts to support a meritorious defense, *Slott v. Triad Distributors*, 230 Pa.Super. 545, 327 A.2d 151 (1974), nonetheless the court need not try the case on the merits in assessing the sufficiency of an equitable petition to open a default judgment. *Alexander v. Jesray Construction Company*, 237 Pa. Super. 99, 346 A.2d 566 (1975); *Ashbourne Country Club v. Cherry Steel Corp.*, 227 Pa.Super. 433, 323 A.2d 231 (1974). Our review persuades us appellant has set forth its defenses in sufficient detail to justify relief if proven at trial. Compare, *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976) (defense of laches, fraud, mistake, and unclean hands held to constitute sufficient meritorious defenses); 7 Std. Pa. Prac. p. 93.[2]

 We now consider whether appellant has adequately explained the reason for failing to file an answer to the

---

2. We repeat a recommendation we have made on prior occasions: "It would have been good practice, especially under the circumstances in this case, if in fact a meritorious defense existed, to have attached an answer setting it forth in the petition to open . . ."

complaint. In its petition and accompanying memorandum, appellant stated Francis Alberti was served with the complaint on November 23, 1977 and mailed the complaint two days later to counsel, Ledbetter and Yogel, in Philadelphia. Appellant's counsel did not receive the complaint until December 19, 1977 when it was presented to a secretary by another tenant in the building. Appellant averred that the complaint was apparently mishandled in the mails and delivered to another office in the Ledbetter and Yogel building. At that time, counsel had only recently moved its offices into this building and many renovations were taking place. Appellant finally alleged that numerous pieces of mail have been similarly mishandled since removal of the offices. Appellee's answer to the petition denied these factual allegations and demanded strict proof thereof. When a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. *Johnson v. Leffring*, 211 Pa.Super. 84, 235 A.2d 435 (1967). The procedure for establishing such proof is provided by Pa.R.Civ.P. 209;[3] it was not followed here.

The factual issues engendered by the petition and answer were thus ripe for resolution under the machinery of

*Hofer*, supra 243 Pa.Super. at 349, 365 A.2d at 1257; *Ab v. Continental Imports*, supra; *Westinghouse Credit Corporation v. Wenzel*, 223 Pa.Super. 87, 289 A.2d 759 (1972).

**3.** Rule 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

Rule 209. To activate the rule, it is incumbent on the petitioner to take depositions or to order the cause for disposition on petition and answer, in which event all factual averments in the answer are deemed admitted. Or, to expedite the proceedings, the respondent may, after 15 days, himself order the cause for argument on petition and answer, in which event, again, all averments of fact in the answer are deemed admitted.[4] See, *America Corp. v. Cascerceri*, 255 Pa.Super. 574, fn. 6, 389 A.2d 126, fn. 6 (1978). Instead of waiting for either party to take action under the rule, the court decided the petition on petition and answer alone. The court stressed in its opinion that appellant had "failed to present any evidence whatsoever in support of its various allegations". Opinion at 3. This conclusion was clearly premature under Rule 209. The rule places no time limits on either petitioner or respondent to take action and thus, at the time the court injected itself into the proceedings, either party had the option to take a rule on the other to proceed under Rule 209. *Maurice Goldstein Company, Inc. v. Margolin*, 248 Pa.Super. 162, 374 A.2d 1369 (1977) (lower court, in premature decision, held petitioner had failed to substantiate his allegation that he had no notice of complaint; remanded for proceedings under Rule 209 to give petitioner opportunity to supply proof); *Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corp. v. S. Weisbrod Lamp and Shade Company, Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977); cf. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966). Until one of the parties took action under Rule 209, or until some other force

4. Appellee erroneously argues to this Court that the failure of appellant to take depositions automatically operates as an admission of all factual allegations in the answer. This is an incorrect reading of Rule 209. The factual averments of a responsive answer may be taken as true against a petitioner only if: 1) the petitioner himself orders "the cause for argument on petition and answer", or 2) respondent orders the cause down after petitioner has ignored, for fifteen days, a rule absolute made upon him to move for depositions. "There is no provision in the rule for shortcutting its operation by ignoring these contingencies." *Instapak Corp. v. S. Weisbrod Lamp and Shade Company, Inc.*, 248 Pa.Super. 176, fn. 8, 374 A.2d 1376, fn. 8 (1977).

spurred matters along,[5] the court should not have acted. We therefore find it necessary to remand for further proceedings to allow appellant to prove his allegations under the procedures of Rule 209.

In its opinion, the court assumed *arguendo* that appellant could prove its allegations and concluded such facts would not justify relief. With this we do not agree. The petition avers that appellant's counsel.was not even aware of the lawsuit until December 19, six days after an answer was due. Further, appellant's president, Francis Alberti, acted promptly in dispatching the complaint to his lawyer soon after receiving it. This is thus not a case of dilatoriness of an attorney, *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Goldstein v. Graduate Hospital of University of Pa.*, 441 Pa. 179, 272 A.2d 472 (1971); *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970); *McDonald v. Allen*, 416 Pa. 397, 206 A.2d 395 (1965); *B. C. Y., Inc., Equipment Leasing v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978); *Van Horn v. Alper*, 385 A.2d 462 (Pa.Super.1978); *Jenkins v. Murray*, 250 Pa.Super. 519, 378 A.2d 1269 (1977); *Reliance Insurance Companies v. Festa*, 233 Pa.Super. 61, 335 A.2d 400 (1975); *King v. Fayette Aviation*, 226 Pa.Super. 588, 323 A.2d 286 (1974) ("burdens of litigation" not reasonable excuse); a failure to act by one who knows its implications, *Bethlehem Ap. Co., Inc. v. H. N. Crowder, Jr., Co.*, 242 Pa.Super. 451, 364 A.2d 358 (1976); *Telles v. Rose-Tex, Inc.*, 233 Pa.Super. 181, 335 A.2d 440 (1975); or a deliberate decision not to defend, *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976) (attorney advised defendant he was "judgment proof"), which reasons we would find inadequate. Rather we think this case is more akin to those where court papers were misplaced or mishandled through no fault of appellant or its attorney, *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d

5. We have indicated elsewhere that the court could itself set a timetable for the taking of depositions and for decision. *Goldstein, Instapak*, supra. The court must give notice of such a schedule, however.

128 (1971) (delay attributed to insurance company); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971) (same); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970) (defendant, served with complaint, had only ninth grade education; further delay in insurance company offices); *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979) (delay attributed to insurance carrier); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977) (defendant had reasonable, though mistaken, belief that suit papers were forwarded to proper parties); *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976) (delay attributed to insurance carrier); or where a petitioner's attorney, through mistake or clerical oversight, was not made aware of the suit until the time for filing an answer had expired, *Day v. Wilkie Buick Company*, 239 Pa.Super. 71, 361 A.2d 823 (1976); *Kabanow v. Kabanow*, 239 Pa.Super. 23, 361 A.2d 721 (1976); *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975). The rules which authorize a default were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended "to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation." *Moyer*, supra, 244 Pa.Super. at 445, 368 A.2d at 804. Thus, although it is unfortunate counsel moved its offices at this time, delaying arrival of the complaint, we do think this type of delay should saddle appellant with a default judgment, particularly where counsel acted promptly upon learning of the default. Compare, *McCoy*, supra; *Carrozza v. Girard Chevrolet Co.*, 200 Pa.Super. 502, 190 A.2d 577 (1963). The equities would thus favor opening the judgment should appellant prove its allegations on remand.

The lower court, in its opinion, stated: "Between November 23 and November 25, 1977, someone on behalf of defendant telephoned defendant's counsel informing counsel of its having been served with a complaint, its desire to

defend . . . ". Opinion at 1. This conclusion is simply not supported by the present state of the record. In the petition to open, appellant stated that, after being served with the complaint, "Defendant did phone counsel and informed him that it had received the complaint and wished to defend this matter". Appellee's attorney, in an affidavit filed with the lower court, stated Mr. Alberti called him on November 23, 1977 and told him he had just been served with the complaint and that he, Alberti, was sending same to his attorney. Hence, the statement in the petition that Alberti phoned "counsel" would seem to be consistent with the phoning of *appellee's* counsel, not appellant's. The court's conclusion that appellant's counsel was the recipient of the phone call, while possibly true and may be proven on remand, was a factual ambiguity which the court was in no position to resolve without the benefit of depositions or admissions.[6]

The order of the lower court is reversed and the case remanded for further proceedings under Pa.R.C.P. 209. Appellant shall have fifteen days, following notice of this decision, to proceed, as provided by Rule 209.

Reversed and remanded.

CERCONE, J., concurs in the result.

**6.** Even if appellant's counsel was made aware, by phone call on November 23, 1977, of the existence of the suit, this would not necessarily require an affirmance of the refusal to open. A reasonable mistake or oversight of counsel causing the default has been held sufficient to justify an opening of a default judgment where the equities otherwise suggest an opening is a just result. See, *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976); *Johnson v. Yellow Cab Co.*, 226 Pa.Super. 270, 307 A.2d 423 (1973); *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (1966). Here, the record is unclear whether Francis Alberti was warned ahead of time of appellee's intent to take a default. *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977); default was entered but six days after the due date; and appellant's counsel acted promptly in filing the petition to open. On remand, the court must address itself to these equities and balance the prejudice to both parties by a decision either way. See, *Toplovich*, supra.