505 A.2d 1007

Patricia **HUDGINS**

v.

**JEWEL T DISCOUNT STORE, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed March 10, 1986.

330

Charles W. Craven, Philadelphia, for appellant.

Lynda M. Scher, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

POPOVICH Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying a petition to open judgment. We reverse and remand.

On April 19, 1984, the plaintiff/appellee, Patricia Hudgins, filed a complaint in trespass alleging that she sustained injuries when she fell on "slippery and/or sticky substances remaining on the floor" of the defendant/appellant, Jewel T Discount Store, in Philadelphia, Pennsylvania. Further, the complaint contained a standard notice to defend informing the defendant that if it did not take action

within twenty days of service of the complaint, a judgment might be entered against it.

Service of the complaint was made by the Sheriff's Office at the defendant's Philadelphia store on April 24, 1984 by handing the document to the manager, Henry Hubbs. When no response was forthcoming from the defendant, counsel for the plaintiff sent a Notice of Intention to Take Default Judgment on May 18, 1984. The notice was mailed to the same address as the complaint was served, and the return receipt indicated that it was received by the manager/Hubbs on May 21, 1984.

When the defendant failed to act within the ten-day period recited in the notice, the plaintiff sought and was granted a default judgment on May 30, 1984.

The defendant filed a petition to open on June 5, 1984. Therein, it was alleged by the defendant that Hubbs had forwarded the complaint "within a few days" after its receipt to the district office in Blue Bell, Pennsylvania. Next, the defendant averred that the complaint was never received by its office in Blue Bell, and, if its district manager in Blue Bell had received the complaint, the information would have been sent on to its Chicago-based Special Services Department. Further, the defendant stated that a representative of Special Services had advised it that, as of June 4, 1984, the complaint had not yet been received.

In the remaining portion of the petition, as is relevant here, the defendant admitted receiving notice of the plaintiff's intention to seek a default judgment, but, it contended, Special Services was not advised of this fact until one day after the entry of the default judgment. Likewise, according to the defendant, the failure to act promptly was caused by the complaint allegedly being "lost in the mail between Blue Bell, Penna. and Chicago, Illinois."

After the plaintiff submitted a response to the petition to open, the court denied the defendant's request for relief. This appeal followed.

 It is well settled that a petition to open a judgment is an appeal to the equitable powers of the court and will not be overturned on appeal absent an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). Prior to granting a petition to open in a trespass action, the petitioner must establish that: (1) the petition was promptly filed after the judgment was entered, and (2) a legitimate explanation exists for the default. If the equities are otherwise clear, a meritorious defense need not be demonstrated.[1] *Hutchings v. Trent*, 304 Pa.Super. 376, 450 A.2d 729 (1982).

In regard to the promptness with which the petition to open was filed, we do not take issue with the lower court's determination that, because it was filed within six days after entry of judgment, it was timely. However, the same result does not obtain in respect to the second prong, and the reason is that certain facts set forth in the petition were denied by the plaintiff. This put the burden of proof upon the moving party, i.e., the party asking that the judgment be opened. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966).

Instantly, the defendant alleged in its petition to open at points 2–4 that Hubbs mailed the complaint to the district manager in Blue Bell within a few days of its receipt, and that neither the district manager nor its Special Services Department in Chicago, to whom the complaint would have

---

**1.** We wish to note that this Court has concluded recently that, *as of July 1, 1984*, "the requisite elements of a petition to open a default judgment must be the same regardless of whether the substantive claim lies in contract or tort." *Wolfskill v. James Egan and Agway, Inc.*, 350 Pa.Super. 223, ——, 504 A.2d 326, 328 (1986).

Inasmuch as the cause of action at bar was filed on April 19, 1984, we see no inconsistency in referring merely to the two-pronged standard of review mentioned *supra* in assessing the sufficiency of the appellant's petition to open. Moreover, in note 3 *infra*, we have made reference to the meritoriousness of the appellant's defense as required by this Court's en banc decision in *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982), allocatur denied 9/ /82. Accord *American Express Co. v. Burgis*, 328 Pa.Super. 167, 476 A.2d 944 (1984).

been forwarded by the district manager, had ever received the document.

Contrary to the position taken by the lower court and the defendant, the record refutes their assessment that the plaintiff did not dispute the factual allegations set forth in the defendant's affidavits submitted in support of points 2–4 of the petition to open. In particular, counsel for the plaintiff filed a "Response to Defendant's Petition to Open Default Judgment" on June 26, 1984. As is relevant to the case at bar, the plaintiff answered the contentions of the defendant by averring that as to points "2–4[, t]hese allegations are deemed denied pursuant to the Pennsylvania Rules of Civil Procedure. Strict proof is demanded at time of trial."

■ Moreover, our scrutiny of the record has failed to uncover the affidavits referred to by the lower court and the defendant in support of the allegations concerning the manner in which the complaint was purportedly lost in the mail. Although the defendant has reproduced the affidavits in its brief to us, and even though unchallenged by the plaintiff and made reference to by the lower court, we are precluded from basing our disposition on such affidavits. Rather, we are required to base our ruling "on what is in the record." *Commonwealth v. Rini*, 285 Pa.Super. 475, 483, 427 A.2d 1385, 1390 (1981). Accord *Sotak v. Nitschke*, 303 Pa.Super. 361, 449 A.2d 729 (1982) (POPOVICH, J.).

As the case stands, the appellee's answer to the petition denied the factual allegations (Points 2–4) of the appellant's petition and demanded strict proof thereof. Therefore, as our Court has held in the past in this situation, "when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. *Johnson v. Leffring*, 211 Pa. Super. 84, 235 A.2d 435 (1967)." *Hutchings v. Trent*, *supra*, 304 Pa.Super. at 380, 450 A.2d at 731. The manner in which such proof is to be established is set forth in Pa.R.Civ.P. 209; it was not complied with in this case.

Rule 209 reads:

If, after the filing and service of the answer, the moving party does not within fifteen days: (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

■ As a corollary to the aforesaid, our Courts have ruled that the onus is on the petitioner to support his allegations of fact by depositions, *Retzbach v. Berman*, 222 Pa.Super. 523, 294 A.2d 917 (1972), a burden which cannot be avoided by substituting an ex parte affidavit unless the respondent either files no answering affidavit or does not deny the veracity of the facts recited in the petition or affidavit. *Buxbaum v. Peguero*, 335 Pa.Super. 289, 295, 484 A.2d 137, 140 (1984). This is not the case here.

■ Accordingly, only after petitioner is ruled to proceed, and fails to take depositions or order the cause for argument on the petition and answer, will the factual averments of the respondent be taken as true. *Smith v. Dale*, 405 Pa. 293, 296, 175 A.2d 78, 80 (1961).

■ In the instant case, when the lower court ruled on the petition, neither party had taken any action under Rule 209. The petitioner had not taken depositions or ordered the cause for argument on petition and answer, and the respondent had not served a rule on petitioner to show cause why depositions should not be taken or the matter ordered for argument on the petition and answer. See

*Lazzarotti v. Juliano,* 322 Pa.Super. 129, 469 A.2d 216 (1983).

Based on the petition and answer alone, the court refused to open the default judgment. This decision was clearly premature. See *Instapak v. S. Weisbrod Lamp & Shade,* 248 Pa.Super. 176, 374 A.2d 1376 (1977). We also find the decision in *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979), to be similar in substance to the one at bar and look to it for guidance.

In *Shainline,* an assumpsit action was commenced seeking payment from the appellant for services rendered by the appellee. Service of the complaint was made upon the appellant, who, in turn, mailed the complaint to his counsel. The complaint apparently did not reach its destination until six days after an answer was due. This same day a default judgment was secured by the appellee, and this was followed four days later by a petition to open. An answer was filed by the appellee denying the factual allegations in the appellant's petition that the complaint was supposedly "mishandled" in the mails and delivered to another office in the same building in which his attorney was located. The court disposed of the matter on petition, answer and briefs against the appellant.

On appeal, this Court found that the lower court acted prematurely in not allowing the Rule 209 machinery to be utilized in resolving the disputed factual averments. This Court stated the proposition thusly:

> Instead of waiting for either party to take action under the rule, the court decided the petition on petition and answer alone. The court stressed in its opinion that appellant had "failed to present any evidence whatsoever in support of its various allegations". Opinion at 3. This conclusion was clearly premature under Rule 209. The rule places no time limits on either petitioner or respondent to take action and thus, at the time the court injected itself into the proceedings, either party had the option to take a rule on the other to proceed under Rule 209. *Maurice Goldstein Company, Inc. v. Margolin,* 248 Pa.

Super. 162, 374 A.2d 1369 (1977) (lower court, in premature decision, held petitioner had failed to substantiate his allegation that he had no notice of complaint; remanded for proceedings under Rule 209 to give petitioner opportunity to supply proof); *Zinck v. Smashy's Auto Salvage, Inc.,* 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corp. v. S. Weisbrod Lamp and Shade Company, Inc.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977); cf. *D'Amore v. Erthal,* 421 Pa. 417, 219 A.2d 674 (1966). Until one of the parties took action under Rule 209, or until some other force spurred matters along,[5] the court should not have acted. We therefore find it necessary to remand for further proceedings to allow appellant to prove his allegations under the procedures of Rule 209.

[5] We have indicated elsewhere that the court could itself set a timetable for the taking of depositions and for decision. *Goldstein, Instapak, supra.* The court must give notice of such a schedule, however.

266 Pa.Super. at 137–138 & n. 5, 403 A.2d at 577 & n. 5. Accord *Triffin v. Thomas,* 316 Pa.Super. 273, 462 A.2d 1346 (1983).

■ In light of *Shainline,* we find that the lower court acted prematurely in attempting to resolve the dispute since the procedures present in Rule 209 had been triggered. Thus, the lower court could not properly have acted on the appellant's petition. This necessitates a remand to place the case on track in accordance with the case law interpreting Rule 209. See *Philadelphia City Employees Federal Credit Union v. Bryant,* 310 Pa.Super. 526, 456 A.2d 1060 (1983). Prior to doing so, however, we deem it proper to note two points. The first is in regard to the fact that Hubbs utilized the mail service to send the complaint to his district manager. We believe that the alleged non-delivery of the complaint should not be blamed upon the appellant, a matter which may more properly be delved into upon remand in the context of depositions submitted by the appellant's employees.

Nonetheless, at this stage, we believe it appropriate to mention that in a similar context this Court has been

reluctant to find fault by the petitioner seeking to open a default judgment where an excuse of mail loss, as to the forwarding of a complaint, was asserted. See *Brown v. Great Atlantic & Pacific Tea Co.*, 314 Pa.Super. 78, 87, 460 A.2d 773, 776 (1983), wherein this Court was confronted with a claim by the petitioner/corporation that when the complaint was forwarded by its store manager to corporate headquarters, the delivery service lost it. We stated on this issue:

> If the delivery service was operated by appellant's own employees, it might be said that the loss was appellant's fault. However, it appears that the service was an independent carrier, which, after picking up mail, took it to its own "depot or headquarters, and from there it is then redistributed to A & P, and the proper stores, offices, et cetera." Deposition of Boyle at 13.

314 Pa.Super. at 84, 460 A.2d at 776. The facts at bar do not deviate from those recited in *Brown* as to the manner in which the complaint was sent by a store manager to his superior and some how was lost in the mails. The appellant should not be penalized by the asserted ineptness of the carrier service used to deliver the complaint. To hold otherwise would be contrary to *Brown*.

The second point we wish to make is in reference to the time lapse between the satisfaction of the appellee's Pa.R. Civ.P. 237.1 obligation, i.e., notification to the appellant that if no action were taken on the complaint a default judgment would be entered against it within ten days of the date of the Rule 237.1 notice. The notice was mailed and dated May 18, 1984. When no response arrived from the appellant as requested, judgment by default was entered on May 30, twelve days after the notice.

Since the return receipt signed by Hubbs indicates that the Rule 237.1 notice was received on May 21, we are not unmindful of the fact that a strict reading of Rule 237.1 requires only that no judgment by default can be entered upon praecipe to the prothonotary unless notice of the intention to enter the default is *mailed* or *delivered* by the

petitioner "at least ten days prior to the date of the filing of the praecipe" to the non-moving party. This appears to have occurred here.

However, consistent with the principle against endorsing the securement of "snap judgments",[2] and the policy of not permitting entry of default judgments "so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant", see *Kraynick v. Hertz*, 443 Pa. 105, 111, 277 A.2d 144, 147 (1971), we will not affirm a default judgment where the equities indicate otherwise.[3] See *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982), allocatur denied 9/——/82.

Having made the preceding observations, we conclude that the order denying the appellant's petition to open judgment was prematurely entered. Accordingly, we reverse and remand for proceedings in accordance with this Opinion. Jurisdiction is relinquished.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

Because I am of the opinion that a reversal and remand is both unwarranted and unnecessary in light of the particular circumstances before us, I must dissent.

Appellant's petition to open the default judgment alleged at paragraphs 2–4:

2. The final date on which action would have had to been taken by the appellant, under Rule 237.1, would have been May 28. Here, the appellee obtained a judgment two days after the run-date. If we were to calculate the run-date from the point where the appellant *received* notice, i.e., May 21, it would appear that the appellee's securement of a judgment would be considered questionable. See generally *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 323 A.2d 226 (1974).

3. The equities not otherwise being clear, see *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1977), we make mention of our agreement with the lower court that the appellant has offered a meritorious defense. *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982), allocatur denied 9/__/82.

2. Henry Hubbs, the manager of the local Jewel T Grocery store, advised defendant's counsel on June 4, 1984 that he believes that he received the Complaint on or about April 24, 1984 and [forwarded it] within a few days to the district office in Blue Bell, Penna. (Affidavit to be supplied)

3. Ronald Tietgins, the district manager of Jewel T Grocery Store, advised defendant's counsel that if he received the Complaint from the local store he would have forwarded it to the Special Services Department of Jewel Companies, Inc. within a few days of receipt. (Affidavit to be supplied)

4. Miria Gasparro, a representative of the Special Services Department, advised that Special Services had not received a copy of the Complaint as of June 4, 1984. (Affidavit to be supplied)

In responding to appellant's petition, appellee, in effect, refuted the allegations contained in paragraphs 2–4. The court below subsequently denied appellant's petition and, on appeal, the bulk of appellant's argument is that the court below erred in ruling that appellant failed to offer a reasonable excuse for its default.

The majority *sua sponte* holds that the allegations of paragraphs 2–4, when considered in conjunction with appellee's responsive refutation, triggered the procedures set forth in Pa. R.C.P. 209 and that the noncompliance with Rule 209 rendered the decision of the court below, with respect to appellant's petition to open, "premature."

It appears to me that the majority's decision to reverse and remand this case is premised upon the supposition that not only are the allegations of paragraphs 2–4 "in dispute" but indeed that they are "material". The rationale behind the majority's decision therefore reveals itself as a concern for the appellant/petitioners right to assert clear and convincing proof of these "material" allegations. Any other interpretation of the majority's disposition would seem to imply an unnecessary exaltation of procedural formality.

The majority relies upon *Instapak v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977), and *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979).

In *Instapak*, this court reversed an order opening a default judgment. Therein, the petition to open the default judgment and the answer to that petition placed into dispute a "dispositive issue": "[W]hether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to be filed...." *Instapak*, [248 Pa.Super.] at 182, 374 A.2d at 1379. We concluded that the action taken by the lower court, solely on the basis of the allegations contained in the petition and the answer, was premature and we remanded the case for proceedings consistent with Rule 209.

In *Shainline*, this court reversed the denial of a petition to open a default judgment. We noted, "When a respondent effectively denies *material allegations* in a petition to open, the petitioner must support his position with clear and convincing proof. *Johnson v. Leffring*, 211 Pa.Super. 84, 235 A.2d 435 (1967). The procedure for establishing such proof is provided by Pa.R.C.P. 209; [ ] it was not followed here." *Shainline*, 266 Pa.Super. at 136, 403 A.2d at 580 (emphasis supplied). Not only did we find in *Shainline* that the lower court acted prematurely in denying the petition to open, we went so far as to opine that, should petitioner prove the allegations contained in his petition following our remand, then the equities would favor opening the default judgment. In essence, we viewed petitioner's disputed allegations, if proven, as constituting a reasonable excuse for petitioner's default.

A careful reading of our decisions in both *Instapak* and *Shainline* discloses that, in each, the reversal and remand was necessitated by the pivotal nature of the allegations in dispute. Because I am unable to agree with the majority's implicit premise, in the case *sub judice*, that the allegations contained in paragraph 2-4 are indeed "material" or "dispositive," I view *Instapak* and *Shainline* as inapposite.

Consequently, I am of the opinion that the *sua sponte* invocation of the spectre of Rule 209 is wholly unwarranted. Even accepting appellant's allegations as supportable by clear and convincing evidence, I would nevertheless find that no reasonable excuse for appellant's default has been thereby proffered. Accordingly, I consider a remand to be inefficacious.

Having so said, I would affirm the order of the court below on the thoughtful and well-reasoned opinion of the Honorable Ethan Allen Doty.