Gerety et al., Appellants, *v.* Hiller et al.

50

Argued January 6, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*J. Donald Reifsnyder,* of *Stark, Bissell & Reifsnyder,* for appellants.

*Walter L. Hill,* of *O'Malley, Hill, Harris & Harris,* for appellees.

OPINION BY MR. JUSTICE DREW, March 20, 1944:

This is a suit in assumpsit by the Trustees in Bankruptcy of White Plains Ice Service, Inc., Bankrupt, against the Trustees for former stockholders of Carbondale Machine Company, of Carbondale, Pa., to recover $11,586, with interest, penalty under the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, section 25,[1] for defendants' failure, after retaking possession of certain machinery conditionally sold, to give the required ten days' written notice of sale at public auction, as provided by section 19 of that statute. The case was tried before a judge, without a jury, and resulted in judgment being entered in favor of defendants. Plaintiffs have appealed.

In 1933 the Carbondale Machine Company sold certain ice making machinery for $46,350 under a condi-

---

[1] "If the seller fails to comply with the provisions of sections . . . nineteen . . . after retaking the goods, the buyer may recover from the seller his actual damages if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract with interest."

tional sale contract to the White Plains Ice Service, Inc., which was to be used in the latter's plant in Westchester County, White Plains, New York. This contract which was duly filed on December 26, 1933, provided, inter alia, that title to the property was to remain in the seller until the purchase price was fully paid, that in case of default, or the buyer's insolvency, the entire unpaid part of the purchase price was at once to become due, in which event the seller might enter the premises where the property was installed and remove all or any part of it, and that if the property was installed in leased premises the seller was to be entitled to take over the lease under stated contingencies and conditions. On October 30, 1937, all the right, title and interest of Carbondale Machine Company in the conditional sale contract and the property therein described were assigned to appellees as trustees for the benefit of the former stockholders of that company. White Plains Ice Service, Inc., the buyer, defaulted under the contract, and on December 27, 1938, while still in default, filed a petition in the District Court for the Southern District of New York for an arrangement, under the provisions of Chapter XI, Section 322 of the Bankruptcy Act. No receiver or trustee was then appointed and the buyer continued in possession with power to operate its business and manage its property "under the supervision and control of A. T. Houlihan, in conjunction and advice of the creditors committee" which had been duly appointed and empowered to act by the District Court until March 27, 1939. No further order of court granting the committee powers was made, but the committee did continue to advise the officers of the buyer after that date.

Appellees by petition verified March 29, 1939, asked the District Court for an order of reclamation of the machinery sold conditionally and for the right to occupy the leased premises where it was in use. Hearings on their petition were heard before the referee in bankruptcy to whom the matter had been referred, a certifi-

cate for review was taken to the District Court, and from its decision, an appeal was lodged with the Circuit Court of Appeals, Second Circuit. The latter tribunal, on February 26, 1940, in affirming the order of the court below and remanding the record for further proceedings *(In re White Plains Ice Service,* 109 F. 2d 913), held that: "Since the conditional vendor held the title to the property at the time the debtor's petition [for arrangement] was filed, it could be reclaimed as the judge below held. . . . The debtor was at most entitled only to have the claimants restrained from interfering with the property until its status could be determined and that time has now passed. The conditional vendor's right to the occupancy of the premises to remove or sell its property flows from the provisions of the lease as a consequence of the debtor's default under the contract . . . There should be an accounting to determine the exact amount due and the debtor should be given a reasonable time to pay that if it cares to do so. If such payment is not made the debtor should be required to surrender the possession of the property conditionally sold and of the occupancy of the premises."

On May 3, 1940, in compliance with the mandate of the Circuit Court of Appeals, the referee determined that the sum due the sellers was $7,509.86, which included interest and protest fees; and fixed the installment amounts and the dates upon which they should be paid. Petitions for review of this order of the referee having been filed by both the buyer and appellees, the District Court, with the consent of counsel for the buyer, for appellees, and for the creditors' committee, as well as that of the chairman of that committee, entered an order on May 20, 1940, directing the surrender and delivery to appellees of the machinery, as well as the leased premises where it was in use. As a result, appellees immediately came into legal possession of both the machinery and premises, although the person in physical possession was an employee of the buyer.

As required, appellees on May 21, 1940, gave ten days' written notice, by registered mail to the buyer at its last known place of business, of the intended sale of the machinery on June 3, 1940; and also gave the necessary notice of sale by posting in different public places in the filing district and by newspaper advertisement. Pursuant to such notices, the machinery, which then had been in use for seven years, was sold. On August 17, 1942, appellants, who had been appointed trustees in bankruptcy for the buyer on June 6, 1940, instituted this action; and since under the evidence adduced there was no showing of actual loss, the case was properly considered by the court below as a suit only for the statutory penalty.

It is contended by appellants that the court below erred in failing to find that the notice of sale had to be given to the committee of creditors that had been appointed in the buyer's arrangement proceeding; that appellees should have obtained the consent of the District Court to make the sale; that the notice given by registered mail was a nullity in that the buyer did not have any directors or officers at the time; and that such notice was unavailing since the last known place of business to which that notice was sent was in possession of appellees as the result of the order of the District Court of May 20, 1940.

Section 19 [2] of the Uniform Conditional Sales Act is specific as to the time and manner of giving notices of

---

[2] "If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent. of the purchase price at the time of the retaking, the seller shall sell them at public auction in the State where they were at the time of the retaking; such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale either personally or by registered mail directed to the buyer at this last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale.

sale, and the facts show that appellees fully complied with these requirements. There was no legal obligation on appellees to give notice to the creditors' committee. Under the order of court continuing the debtor in possession to operate its business and manage its property "under the supervision and control of A. T. Houlihan in conjunction and advice of the creditors' committee" expired more than a year before the sale in question. In addition, it was not the committee who had possession of the machinery when retaken; it was the buyer. A committee appointed by creditors in an arrangement proceeding is not the legal successor in interest of the debtor as buyer under a conditional sale contract. ". . . a debtor continued in possession by court order is in a position analogous to that of a receiver in equity": *In re Avorn Dress Co., Inc.,* 79 F. 2d 337. Whatever authority the committee may have had is immaterial under the present circumstances, since that authority extended only to the buyer's *operation* of the business and the *management* of its property, and that authority ceased when the District Court, with the consent of the committee, ordered the machinery surrendered to appellees.

We can find nothing in the Bankruptcy Act or the Uniform Conditional Sales Act which obligates the seller under a conditional sale contract with a buyer, who has become a debtor in possession in a proceeding for an arrangement, to apply to the District Court for permission to sell. Nor is there anything in either of these statutes which requires the seller to withhold notice of sale until such time as the debtor gets new directors and officers to replace those who claimed to have resigned. Had application been made to the court, or appellees awaited the replacement of the buyer's officers and directors, who

If at the time of the retaking five hundred dollars or more has been paid on the purchase price the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold. . . ."

claimed to have resigned, and as a result the thirty day period after reclamation of the machinery had elapsed, appellees clearly would have become liable in damages to the buyer. The Uniform Conditional Sales Act makes it mandatory, without exception, as to the time when the sale must be made following the retaking of possession.

Nor is there any merit to appellants' contention that because appellees were in possession of the buyer's "last known place of business", notice sent there was a nullity. Notice was sent there in compliance with the statute. There was no responsibility upon appellees to look after the buyer's mail, and there is nothing in this record to show that appellees interfered with it in any way.

Judgment affirmed.