525 A.2d 388

**CONTINENTAL BANK, Appellee,**

v.

**John J. SCHALER, III and Edmund C. Geatens, Appellants.**

**Appeal of Edmund C. GEATENS.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1986.

Filed May 5, 1987.

William W. Spalding, Philadelphia, for appellants.

T.J. Scully, Philadelphia, for appellee.

Before CAVANAUGH, MONTEMURO and BECK, JJ.

MONTEMURO, Judge:

This appeal lies from an Order denying appellant's petition to strike/open a judgment against him. In 1979 and 1981, the parties entered into loan agreements [1] on which the balance due in 1983, when litigation commenced, was

1. The parties dispute the number of loans involved, agreeing only on the amount which underlies this action.

$55,000. As collateral for the debt, appellee accepted the title documents for appellant's 1966 Rolls Royce. Appellant defaulted, but sometime prior to foreclosure had attempted to sell the car in satisfaction of the loan. To this end the car had been transported from Philadelphia, where it was registered and where appellant maintained his principal residence, to Dallas, Texas. There it was offered for sale by the dealer (Schaler) from whom appellant had originally purchased it. No buyers were found. Appellee entered default judgment against appellant in Texas, and after transferring the judgment to the Philadelphia Court of Common Pleas, seized the car and returned it to Pennsylvania, where it was sold at auction for $25,000.[2] Appellant petitioned unsuccessfully to open/strike the foreign judgment, and this appeal followed.

Four issues are raised which we will address seriatim.

Appellant first argues that the trial court committed reversible error when it refused to strike the foreign default judgment for lack of *in personam* jurisdiction.

> The test for whether a default judgment should be stricken asks whether the judgment is factually valid. It is proper for the court to strike when the judgment has a fatal defect on its face.... The standard for 'defects' asks whether the *procedures* mandated by law for the taking of default judgments have been followed.

*Continental Bank v. Rapp*, 336 Pa.Super. 160, 166, 485 A.2d 480, 483 (1984) (citations omitted, emphasis supplied).

Appellant has alleged that the court lacked power to pass judgment, but not for any procedural dereliction. His argument that the judgment should be stricken is therefore inapposite. However, the error is one of semantics rather than substance, and since it concerns a jurisdictional challenge, is properly before us as a petition to open the judgment.

---

**2.** The differential justifies this appeal, as without it there would no longer be a judgment. *Simmons v. Simmons*, 356 Pa.Super. 32, 514 A.2d 128 (1986); *Kalman v. Muzikar*, 304 Pa.Super. 503, 450 A.2d 1025 (1982); *Sanctis v. Checco*, 195 Pa.Super. 193, 171 A.2d 542 (1961)

It is by now well settled that "a petition to open a default judgment is an appeal to the court's equitable powers and its decision will not be overturned absent clear abuse of its discretion." *Autologic, Inc. v. Cristinzio Movers*, 333 Pa. Super. 173, 176, 481 A.2d 1362, 1363 (1984). The trial court in analyzing appellant's jurisdictional claim, reiterated the principles upon which foreign judgments are recognized, as must we.

The power of a court to exercise *in personam* jurisdiction over a non-resident defendant turns upon two considerations: (1) jurisdiction must be conferred by the state long-arm statute, and, (2) the exercise of jurisdiction under the statute must meet constitutional standards of due process.

*Eastern Continuous Forms, Inc. v. Island Business Forms, Inc.*, 355 Pa.Super. 352, 354, 513 A.2d 466, 467 (1986) (citation omitted).

■ Appellant has alleged no statutory deficiencies. His claim is solely that there was lacking those minimum contacts with the forum state required by due process under the test enunciated in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is contended that such contacts could not have existed because appellant had visited Texas only once, in a capacity unconnected to the present litigation, and that his sole association there was the temporary presence of his automobile for what is characterized as a "determination of its value and possible sale." (Appellant's Brief at 16–17). The trial court found, justifiably given appellant's deposition testimony, that the car had been shipped to Dallas specifically for sale in order to satisfy the loan, not to establish its theoretical worth. Moreover, appellant Schaler had been engaged as an agent at a 10% commission in order to accomplish this purpose. This court has already held that "a single act by a foreign defendant within the forum state may support jurisdiction." *Skinner v. Flymo, Inc.*, 351 Pa.Super. 234, 243, 505 A.2d 616, 621 (1986) (citation omitted). The substance or strength of that sole contact must meet the

requirement that the actor purposefully or deliberately availed himself of the privilege of conducting an activity in the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Once the element of deliberation is established, the actor's lack of physical presence becomes irrelevant.

> Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, but obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Burger King, supra,* 105 S.Ct. at 2184. *See generally Skinner, supra.* We find, as did the trial court, that appellant's placement of his property for public sale on the Texas market satisfies these conditions. Further,

> There is no question that, in determining whether a foreign judgment is entitled to full faith and credit under the United States Constitution, Pennsylvania may inquire into the questions of the foreign state's jurisdiction and whether the foreign judgment was obtained in derogation of the debtor's basic due process rights, that is, whether the debtor had an opportunity to appear and defend. However, it is equally clear that a foreign judgment transferred to Pennsylvania is presumptively valid. The foreign judgment is presumed to have been entered by a court with jurisdiction to do so and that its proceedings were regular and not in derogation of the debtor's due process rights.

*Nobel Well Service, Inc. v. Penn Energy,* 348 Pa.Super. 267, 276, 502 A.2d 200, 205 (1985) (citations omitted). Appellant's jurisdictional challenge is insufficiently well grounded to dislodge this presumption.

■ It is next claimed that the default judgment should have been opened because appellant did not receive notice of the sale of the car as is required by the Uniform Commercial Code. 13 Pa.C.S.A. § 9504(c).[3] The record contains a mail receipt for such notice signed by E. Geatens. Although appellant disclaims the signature, the notice was mailed to his office address, and at deposition appellant admitted to the presence there of his secretary as well as of other temporary office employees.

This court has held that notice need only be sent to the debtor's "last known place of business," *Gerety v. Hiller,* 349 Pa. 49, 53, 36 A.2d 476, 478 (1944). Proof was offered that a letter announcing the sale did in fact arrive at appellant's office address. We find this sufficient indicium that appellee fulfilled the Code requirements. *See generally American Express Co. v. Burgis,* 328 Pa.Super. 167, 476 A.2d 944 (1986).

■ In connection with this claim, it is also argued that the car was not disposed of in the commercially reasonable manner prescribed by § 9504. Appellant claims that the true value of the car could not have been realized at an

**3.** 13 Pa.C.S.A. § 9504(c) reads in pertinent part:
   **(c) Manner of disposition.**—Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

auction given its uniqueness.[4] We find this reasoning unpersuasive as the car already had, without success, been offered for sale under what appellant presumably considered optimum conditions. Despite the commercially advantageous market, a chosen agent, and an apparently acceptable valuation, appellant received no offers within or without his asking price. For him to claim now that the car was marketed in an commercially unreasonable manner seems disingenuous at best.

■ Next appellant claims the judgment should be opened because it was excessive. The judgment amount was $73,-333, which comprises the original debt of $55,000, plus interest at 9% per year, attorneys fees and all costs. The judgment was opened and appellant credited with the $25,-000 realized at the sale, leaving a balance of $48,333. We take judicial notice of the fact that one owing a debt to be repaid at a certain amount of interest, still owes the interest even after default on the loan, and as well, whatever outlays are necessary for the creditor to recoup his money. Appellant's denial of an obligation for anything other than principal is without basis in either law or common sense.

■ Finally, appellant claims that there was no evidence presented by appellee on which the court was able to base its denial of the petition to open. In fact, appellee submitted no brief, and as a result was barred from oral argument. However, where certain facts necessary to justify opening a judgment have not been established and are denied in the answer, the burden of proof is upon the petitioner. *D'Amore v. Erthal,* 421 Pa. 417, 219 A.2d 674 (1966). *See generally Hudgins v. Jewel T. Discount Store,* 351 Pa.Super. 329, 505 A.2d 1007 (1986). Appellant has failed to supply us with anything save his own deposition,

4. Appellant argues that he had paid $60,000 for the car, which had belonged to the actor Gary Cooper, and which because of its condition and provenance was worth $120,000 at the time of sale. In support he offers only a letter from his agent, which we must regard critically as self-serving.

and an unsworn letter from his agent, appellant Schaler. We are not convinced by either.

Judgment affirmed.