618 A.2d 1024

**Leonard G. COY**

v.

**FORD MOTOR CREDIT COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Jan. 8, 1993.

---

**8.** Because we reverse the trial court and vacate judgment of sentence, we need not address appellant's third claim.

78

Gregory S. Olsavick, Altoona, for appellant.

Peter J. O'Donnell, Lewistown, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

In this case, we are asked to determine whether proper notice can be given under the provisions of 69 P.S. § 623 D and under 13 Pa.C.S. § 9504(c), where the party claiming to have given notice provides no receipt of delivery. We conclude that a receipt of delivery is not required in order to effect notice under these statutes.

Here, Ford Motor Credit Company (Ford) appeals from an order denying summary judgment in favor of Ford, and granting summary judgment in favor of Leonard G. Coy. The trial court also awarded statutory damages, under 13 Pa.C.S. § 9507(a), in the amount of $5,205.60 to be paid by Ford to Coy. We reverse.

On April 27, 1987, Coy purchased a Ford truck from Westover Ford, Inc., of Mount Union, Pennsylvania, under a retail sales installment contract. Westover Ford subsequently assigned the retail sales installment contract to Ford Motor Credit Company. Coy defaulted on his duty to make timely payments under the installment contract. Ford then repossessed the truck on August 28, 1987.

On August 31, 1987, Ford sent a "Notice of Repossession and Right to Redeem" to Coy by certified mail. This notice conveyed the following information: Coy's truck had been repossessed; the location of the truck; the amount of payment needed to redeem the truck; and the party to whom Coy should pay the amount due. The notice also informed Coy that after fifteen days, the truck would be sold at a private sale. Coy did not respond to the above notice nor did he try to reclaim the truck. On November 17, 1987, the truck was sold at the Ebensburg Auto Auction.

On July 31, 1990, Coy filed a Complaint against Ford seeking damages from Ford regarding the repossession and resale of the truck, alleging that he never received the notice of repossession. After discovery, both Ford and Coy filed motions for summary judgment. On January 2, 1992, the trial court denied Ford's motion for summary judgment, granting summary judgment in favor of Coy. The trial court also

imposed statutory damages, pursuant to 13 Pa.C.S. § 9507(a), against Ford. It is from this order that Ford now appeals.

When reviewing an order granting summary judgment, our standard of review is plenary. *Briggs v. Erie Insurance Group*, 406 Pa.Super. 560, 594 A.2d 761 (1991). In *Tonkovic v. State Farm Mutual Automobile Insurance Company*, 407 Pa.Super. 522, 523, 595 A.2d 1269, 1270 (1991), we stated:

Summary Judgment is to be granted only in the clearest of cases, where the right is free and clear from doubt. Under Pa.R.C.P. 1035(b) summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Furthermore, an appellate court will overturn entry of summary judgment by the trial court only if there has been an error of law. (citations omitted).

We will review Ford's claims on appeal in light of this standard. Ford presents two issues for our review, contending that: (1) Ford provided proper notification to Coy under both 69 P.S. § 623 D and 13 Pa.C.S. § 9504(c), and that, (2) Ford sold the repossessed automobile at a private sale. We agree with both of these contentions.

■ First, Ford contends that the notice it provided satisfied the requirements of both the Motor Vehicle Sales Finance Act (MVSFA), 69 P.S. § 623 D, and 13 Pa.C.S. § 9504(c) (UCC). This court has held that the notice provisions of both the MVSFA and the UCC apply in cases of repossession and resale after default on a motor vehicle sales installment contract. *Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa.Super. 27, 502 A.2d 1254 (1985).

■ When interpreting these statutes, the intent of the legislature controls. Where the words of the statutes are clear and free from all ambiguity, we will not disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921. The MVSFA, 69 P.S. § 623 D provides:

D. When repossession of a motor vehicle, which is the subject of an installment sale contract, is effected otherwise than by legal process, the holder shall immediately furnish

the buyer with a written "notice of repossession" delivered in person, or sent by registered or certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice.

The applicable section of the Uniform Commercial Code, codified in Pennsylvania as 13 Pa.C.S. § 9504(c) states in pertinent part:

(c) **Manner of disposition.**—Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods, no other notification need be sent.

The trial court found that the UCC imposes stricter requirements on a secured creditor than the MVSFA because the UCC requires that those carrying out its provisions do so in good faith. The trial court concluded that Ford did not satisfy the notice requirements under the UCC because no return

receipt was provided by Ford as proof that Coy actually received the notice sent. Ford contends that the trial court erred, as a matter of law, in this conclusion. We agree.

■ Under 13 Pa.C.S. § 9504(c) a secured creditor is required to send reasonable notification to the debtor regarding the time and place of a public sale or the date after which a private sale will occur. "Send" is defined at 13 Pa.C.S. § 1201, which states, in pertinent part:

"Send." In connection with any writing or notice, means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances.

The term "notify" is also defined at 13 Pa.C.S. § 1201:

A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it.

■ In the present case, Ford sent the "Notice of Repossession and Right to Redeem" to Coy by certified mail at Coy's last known address. This action fulfills the clear and unambiguous notice requirement under 13 Pa.C.S. § 9504(c). The sending of a certified letter to Coy informing him of the action taken against him and his right to regain possession of his vehicle, is a reasonable procedure to employ in order to inform another in the ordinary course, as is required under the UCC. The term "to notify," under the UCC, does not include the notion that the person to whom notice is sent must receive it. On the contrary, the term "notify" under 13 Pa.C.S. § 1201 specifically contemplates the reasonable attempt to inform another regardless of whether that person actually comes to know of it.

The trial court and Coy rely upon our holding in *Continental Bank v. Schaler*, 362 Pa.Super. 610, 525 A.2d 388 (1987), for the proposition that in order for notice to be valid, there

must be proof of receipt by the debtor. This reliance is misplaced. In *Continental Bank*, we reiterated the proposition put forth by our supreme court in *Gerety v. Hiller*, 349 Pa. 49, 36 A.2d 476 (1944), that notice, in order to be valid, need only be sent to the debtor's last known place of business. *Id.*, 362 Pa.Super. at 615, 525 A.2d at 390. In *Continental Bank*, however, the facts indicated that notice had, in fact, been received by someone in the debtor's place of business. There, we held, not that receipt of notice is always necessary but, that such notice clearly fulfilled all requirements under the UCC. *Id.* at 616, 525 A.2d at 391.

In addition to fulfilling the general requirements under the UCC, Ford's actions satisfy the more specific requirements of the MVSFA. Section 623 D of the MVSFA requires that a written notice of repossession be sent to the debtor either by personal delivery or by registered or certified mail directed to the debtor's last known address. 69 P.S. § 623 D. Here, the notice was sent by certified mail to Coy's last known address, with a sending receipt appearing in the certified record. The clear and unambiguous language of the statute does not indicate that a return receipt of mailing must be provided. Moreover, contrary to the assertions of the trial court, the delivery of a certified letter does not automatically include the return of a receipt of delivery. *See* United States Domestic Mail Manual, Issue 43, § 912.11, June 21, 1992. As the return of a receipt of delivery is not part of the statutory requirements for notice under the MVSFA or under the UCC, we are constrained to conclude that the trial court erred in its conclusion that the notice given by Ford was insufficient due to the lack of such a receipt.

The trial court also found that because there was no receipt showing delivery of the certified letter, Ford acted in bad faith. However, Coy makes no allegation of bad faith on the part of Ford and a review of the record reveals no indication that Ford acted in other than good faith. The determination of whether a party acts in good faith is usually a question for the finder of fact and an improper one for disposition through summary judgment. *Banker v. Valley*

*Forge Insurance Co.,* 401 Pa.Super. 367, 585 A.2d 504 (1991), *appeal denied,* 529 Pa. 615, 600 A.2d 532 (1991). However, as we have concluded that under both the MVSFA and the UCC, a receipt of delivery is not required in order to effect notice of repossession, and as this is the sole basis for the trial court's finding of the lack of Ford's good faith, we conclude that the trial court erred in its finding as a matter of law. *See American Express Co. v. Burgis,* 328 Pa.Super. 167, 476 A.2d 944 (1986). We also conclude that since the issue of whether Ford acted in good faith is not one contested by the parties, it is not an issue of material fact which must be submitted to the fact-finder.

■ Second, Ford urges that the notice of repossession which it sent to Coy gave the required information about the resale of the truck, under the UCC, as the truck was sold at a private sale. We agree.

Under 13 Pa.C.S. § 9504(c), a secured creditor must give the debtor "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made...." *See also Industrial Valley Bank, supra.* The notice given by Ford indicated that the repossessed truck would be sold at a private sale at some time fifteen days after the date of the notice or later. The question presented for our review is whether the Ebensburg Auto Auction qualifies as a private sale.

The terms "private sale" or "public sale" are not defined in the Uniform Commercial Code. The Restatement of Security § 48, comment c defines a public sale as, "one to which the public is invited by advertisement to appear and bid at auction for goods to be sold."

In the present case, the record reveals that the Ebensburg Auto Auction is a sale open only to automobile dealers. It is uncontested that the sale of the repossessed truck was not advertised to the general public and that those other than automobile dealers were not permitted to attend the Ebensburg Auto Auction. While the courts in this jurisdiction have

not addressed the issue of whether such an auction constitutes a private sale, the Seventh Circuit, in *Ford Motor Credit Company v. Solway*, 825 F.2d 1213 (7th Cir.1987), was faced with the identical issue now before us. There, the debtor was sent notice identical to the one sent by Ford in the present case, after his automobile was repossessed, due to a default on a retail sales installment contract. After receiving no response from the debtor, Ford sold the repossessed vehicle at an automobile auction open exclusively to automobile dealers. The Seventh Circuit held that an auction which was limited to automobile dealers was a private sale for the purposes of the UCC. *Id.* at 1218.

However, Coy maintains that since he could have sent an automobile dealer to buy his truck at the auto auction, the sale was public. In *Fidelity Consumer Discount Co. v. Clark*, 333 Pa.Super. 306, 482 A.2d 580 (1984), we had to determine whether a repossessed vehicle was sold at a public or private sale. There we stated, citing Gilmore, *Security Interests in Personal Property* 1242 (1965):

> Presumably the essence of a 'public sale' is that the relevant public is not only invited to attend but is also informed, by whatever means of publicity may be appropriate, when and where the sale is to be held. If the sale has not been appropriately publicized, it would not be a public sale no matter where it was held or how it was conducted.

*Id.* at 310, 482 A.2d at 582–583. In that case, we held that sales of the vehicles, which were not advertised, were private sales despite the fact that the sales were open to anyone who wanted to look at the cars. *Id.* at 310, 482 A.2d at 583.

In this case, the cars were sold at an automobile auction, open only to automobile dealers. We are unable to conclude that such a sale can be termed a public sale as "the public" consists of more than automobile dealers. There is also no evidence in the certified record to establish that the sale of the repossessed truck was publicized, even among those dealers permitted to attend. We, therefore, hold that the sale of the truck in question was a private sale. The notice sent by Ford

thus complies with the notice requirements for a private sale under 13 Pa.C.S. § 9504(c).

In light of the foregoing, we conclude that the trial court erred in granting summary judgment in favor of Coy. We, therefore, reverse and remand to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded.